**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAJUAN WILLIAMS,

               Plaintiff-Appellant,

  v.

WINGET, Sgt. #11379; et al.,

               Defendants-Appellees.

No.   22-15849

D.C. No.
2:19-cv-05096-MTL-CDB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Argued and Submitted April 2, 2024
San Francisco, California

Before: HURWITZ and JOHNSTONE, Circuit Judges, and MORRIS,** Chief
District Judge.

      Plaintiff DaJuan Williams appeals a summary judgment in this 42 U.S.C.

§ 1983 action in favor of several correctional officers ("COs") at Arizona State

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable Brian M. Morris, Chief Judge for the District of Montana,
sitting by designation.

Prison Yuma. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the summary judgment de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm the judgments in favor of COs Alfredo Tribolet and Jose Lopez, but vacate the judgment in favor of CO Bernardo Villanueva.

1. When describing the scene after Williams was escorted away from the dining hall after a violent confrontation, the district court stated that "none of the other prisoners were restrained," and concluded that the use of force on Williams was reasonable because the unrestrained inmates "pose[d] a security risk." But Williams presented evidence that the other inmates were restrained in a secure holding enclosure and did not have access to the area where the COs were escorting Williams. Given the factual dispute on whether the other inmates were restrained, the district court erred at the summary judgment stage holding that the use of force by Villaneuva was justified on that ground. *See Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

2. The district court properly granted summary judgment to Lopez. No evidence was proffered showing that Lopez used any force against Williams.

3. The district court also properly granted summary judgment to Tribolet. No evidence was presented showing that Tribolet was present during the incident when Williams was escorted away from the dining hall. To the extent that Williams alleged Tribolet used excessive force the day after that incident, following Williams' transfer

to a different prison unit, Williams failed to proffer any evidence that Tribolet was present on the second occasion or had an opportunity to intervene in any alleged incident.

**AFFIRMED in part**, **VACATED in part. REMANDED** for further proceedings consistent with this disposition.